**Arben KEQAJ, et al., Petitioners,**

**v.**

**Michael B. MUKASEY, U.S. Attorney**

General,[1] Respondent.

No. 06–5762–ag.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Jeffrey J. Bernstein, Senior Litigation Counsel; P. Michael Truman, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Arben and Vera Keqaj, natives and citizens of Albania, seek review of a December 1, 2006 order of the BIA denying their motion to reopen removal proceedings. *In re Arben Keqaj, Vera Keqaj,* Nos. A 77 511 016; A 76 132 239 (B.I.A. Dec. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying the Keqajs' motion to reopen. The BIA appropriately noted that their motion was untimely where its prior decision had been issued in July 2002, and they did not submit their motion until June 2004, well beyond the ninety day deadline. 8 C.F.R. § 1003.2(c)(2).

■ Further, the BIA properly found that the Keqajs' case did not warrant equitable tolling based on ineffective assistance of counsel when they failed to show that they exercised due diligence in pursuing their claim. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled."). Given that the BIA specifically explained the deficiencies present in the first motion to reopen, the Keqajs were on notice of any ineffective assistance of counsel as early as July 2002. Despite this notice, the Keqajs did not file their motion to reopen until nearly two years later, and did not state when they consulted current counsel.

■ Furthermore, the BIA did not abuse its discretion in finding that the newspaper articles and other evidence submitted by the Keqajs detailing the attacks against Arben's brother and family members did not evidence "materially changed country circumstances" in Albania. Even assuming the credibility of the Keqajs' claim, as the BIA noted, the IJ previously addressed the attacks against Arben's family and determined that his fear was based on "personal animosity" between a Socialist who headed a group of smugglers and Arben's brother. The Keqajs' claim therefore lacked a nexus to a protected ground. *See* 8 U.S.C. § 1101(a)(42). In any event, the BIA properly found that the more recent extortion of $4,000 from Arben's father and threat against Arben by the head of the smugglers did not demonstrate changed country conditions in Albania. Indeed, Arben's father states in his letter that smugglers have "continually" threatened the family. Therefore, the BIA's determination that the Keqajs failed to show changed country conditions did not consti-

tute an abuse of discretion. *See Kaur,* 413 F.3d at 233.

■ Similarly, to the extent that the Keqajs moved to reopen based on the BIA's failure to conduct an independent analysis of their CAT claim, the BIA appropriately determined that they failed to demonstrate that an exception to the time and numerical limitations applied. While the background materials submitted by the Keqajs indicate that torture and ill-treatment occur in Albania, as perpetrated by certain police officers, the BIA properly concluded that they failed to establish that the Keqajs, in particular, are likely to be tortured. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

■ Finally, to the extent that the Keqajs challenge the BIA's refusal to exercise its *sua sponte* authority to consider the merits of their claim, that decision is beyond this Court's review. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (holding that the decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is "entirely discretionary").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.